IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

LORRAINE LAXSON,            )
                            )
        Plaintiff,           )
                            )
    v.                      )    No. 3:18-05008-CV-RK
                            )
                            )
NANCY A. BERRYHILL, ACTING  )
COMMISSIONER OF SSA;        )
                            )
                            )
        Defendant.           )

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801

(8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease and degenerative joint disease of the cervical and lumbar spines; emphysema with continued tobacco use; and anxiety disorder. The ALJ also determined that Plaintiff has the following non-severe impairments: recurrent diverticulitis with symptoms of abdominal pain; left knee disorder; right hip disorder; depressive symptoms; hypertension; hyperlipidemia; and gastroesophageal reflux disease. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently; can stand and/or walk for six hours in an eight-hour workday; can sit for six hours in an eight-hour workday; occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps; never climb ladders, ropes, or scaffolds; avoid all exposure to unprotected heights and concentrated exposure to pulmonary irritants; limited to performing only simple, routine, and repetitive type tasks requiring only simple work-related decision making with few changes in the routine work setting; and limited to no more than occasional interaction with supervisors, coworkers, and the general public. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ found that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff brings the following arguments on appeal: (1) whether the ALJ properly weighed treating physician Dr. Sprenkle's opinion; and (2) whether substantial evidence in the record exists to support the ALJ's RFC determination as to Plaintiff's work-related limitations.

First, substantial evidence exists to support the ALJ's decision to give Dr. Sprenkle's opinion little weight. Dr. Sprenkle opined that Plaintiff is limited to less than sedentary work, would be absent from work four times per month, and would be off task twenty percent of each workday. The ALJ awarded Dr. Sprenkle's opinion little weight because it was inconsistent with

the medical opinion evidence,[1] inconsistent with the medical record as a whole,[2] and inconsistent with Dr. Sprenkle's own treatment notes.[3] *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (an ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) ("A treating physician's own inconsistency may undermine his opinion and diminish or eliminate the weight given his opinions."). Additionally, while Plaintiff argues the ALJ erred in relying on two treatment notes from Dr. Andrew and Dr. Boice, substantial evidence exists in the record to support the ALJ's reliance on these treatment notes.

Second, Plaintiff argues there is not sufficient evidence in the record to support the RFC determination that Plaintiff can perform light work with limitations. As to Plaintiff's physical work-related functional capabilities, there is substantial evidence in the record, as discussed above, to support the ALJ's RFC determination as to Plaintiff's physical work-related functional capabilities. Next, as to Plaintiff's mental work-related functional capabilities, Plaintiff argues there is no medical evidence in the record to support this RFC determination because the ALJ discounted Dr. Sprenkle's opinion which opined on Plaintiff's mental functional capabilities. However, Dr. Burstin, the non-examining state agency medical examiner, opined that Plaintiff

---

[1] For instance, Dr. Ipsen, who performed an orthopedic evaluation of Plaintiff, recommended conservative treatment based upon his unremarkable clinical examination findings and lumbar spine x-rays. Plaintiff's treating neurologist, Dr. Andrew, opined that Plaintiff should obtain conservative treatment, and his EMG and nerve conduction studies found no evidence of neuropathy or radiculopathy. Dr. Boice, an examiner, concluded that Plaintiff would benefit from conservative treatment. As to Plaintiff's mental impairments, Dr. Burstin, the non-examining state agency medical consultant, concluded that Plaintiff's mental impairments were non-severe and Plaintiff could follow one-to-three step instructions.

[2] For instance, Plaintiff is able to perform a variety of activities of daily living with only a mild restriction. Plaintiff is able to perform household chores with assistance, care for personal needs with assistance, clean, do laundry and shop in stores. Next, an examination of Plaintiff's low back in January 2011 indicated full range of motion of both hips and knees without ligament laxity or crepitus; normal motor strength throughout; and no neurological defects. Third, in April 2015, a neurological examination of Plaintiff showed no evidence of active neuropathy or radiculopathy. Finally, Dr. Burstin concluded Plaintiff's mental impairment did not impose more than mild mental limitations; therefore, Plaintiff did not have any severe mental impairments.

[3] For example, in contrast to Dr. Sprenkle's restrictive opinion, Dr. Sprenkle's treatment notes dated December through July 2016 indicate, for the most part, unremarkable clinical exam findings with no significant range of motion limitations and no neurological defects. Further, in December 2014, Dr. Sprenkle indicated Plaintiff was generally healthy with no change in motor strength or exercise tolerance. Finally, despite his restrictive opinion, Dr. Sprenkle recommend conservative treatment for pain management.

does not have any severe mental impairments and has only mild mental limitations. *See Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (the court rejected the plaintiff's argument that the record before the ALJ was not fully developed because it did not contain an opinion from a treating source or consultative doctor as to plaintiff's work related limitations, and the court held substantial evidence supported the ALJ's RFC determination because the record contained a medical assessment from a state agency medical consultant as to plaintiff's work-related limitations). Here, as in *Buford*, state agency medical consultant Dr. Burstin opined on Plaintiff's work-related mental functional capabilities. *See also McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (an ALJ is not required to develop the record to disprove every possible impairment); *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) ("the ALJ is required to order further medical examinations only if the existing medical record does not provide sufficient evidence to determine whether the claimant is disabled"). Accordingly, the Court finds substantial evidence in the record exists to support the ALJ's RFC determination that Plaintiff can perform light work with limitations.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision. **IT IS THEREFORE, ORDERED** that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 25, 2019